BREWER *v.* UNION PLANTERS' BANK & TRUST CO.

[88 South.   770, in Banc. No. 21917.]

1. APPEAL AND ERROR.   *Transcript filed by stenographer part of record, although no notice of demand for transcript received.*

A party desiring a transcript of the evidence introduced on the trial of a cause complies with the requirement of chapter 145, Laws 1920, that the stenographer shall be so notified in writing within ten days after the adjournment of the court by mailing a notice to the stenographer within the ten days addressed to him at his usual place of abode, and although the stenographer may fail to receive the notice, nevertheless if he files a transcript of the evidence with the clerk of the trial court within the time allowed by law therefor, it will become a part of the record to the same extent that it would have had the stenographer received the notice.

2. APPEAL AND ERROR.   *Copy of notice to stenographer for transcript with statement of service may be filed with clerk after record has been filed in supreme court.*

The requirement of chapter 145, Laws 1920, that a copy of the notice to the stenographer that a transcript of the evidence is desired, together with a statement as to how the notice was served, be filed with the clerk of the trial court, may be complied with after the record of the cause has been filed in the supreme court.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Action between C. H. Brewer and the Union Planters' Bank & Trust Company.   Judgment for the latter, and the former appeals.   On motion to strike transcript of evidence.   Overruled.

*G. E. Williams,* for appellant.

*Roberts & Hallam,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on motion by the appellee to strike the stenographer's transcript of the evidence from the record, the ground of the motion being that the transcript was filed by the stenographer without his being given written notice so to do as provided by chapter 145, Laws of 1920.

It appears from an affidavit by the stenographer that after the trial of the cause and before the adjournment of the court below, he made a transcript of the evidence and delivered it to counsel for the appellant upon his verbal request so to do, and thereafter, on the verbal request of the appellant himself, filed a copy of the transcript with the clerk of the court below from whose certificate it appears to have been filed well within the sixty days allowed the stenographer in which so to do. It appears from an affidavit by counsel for the appellant that within ten days after the adjournment of the court he mailed a written notice to the stenographer, at his usual place of abode, advising him that a copy of his notes of the evidence was desired and requesting him to file a transcript thereof with the clerk. The stenographer denies that he received this letter.

The statute requires the notice to the stenographer to be either handed to him personally "or mailed to him at his usual place of abode," and when either has been done the party desiring that a transcript of the evidence be filed has done all that is required of him by the statute. The draftsman of the statute very probably contemplated that the notice mailed to the stenographer would be received; but, be that as it may, he did not so draft the statute so as to make the right of a party to have a transcript of the evidence become a part of the record after it has been filed dependent upon the receipt of the notice by the stenographer.

A stenographer, of course, would not be in default for not transcribing and filing a copy of the evidence if he

failed to receive a notice so to do that had been mailed to him; but if he does file the transcript within the time allowed by law, it thereby becomes a part of the record, if a notice so to do was in fact mailed to though not received by him to the same extent that it would have had he received the notice.

It does not appear that a copy of the notice mailed to the stenographer with a statement as to how it was served has been filed with the clerk of the court below as required by the statute. This, however, can still be done, so that the motion to strike the stenographer's notes from the record will be overruled, but should a copy of the notice mailed to the stenographer with a statement as to how it was served be not filed with the clerk of the court below within thirty days, the transcript of the evidence will be, without further order, considered as having been stricken from the record.

*Overruled.*